(No. 1208— )

GEORGE W. DOWELL, TRUSTEE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*

*Rehearing denied May 9, 1929.*

GEORGE W. DOWELL, pro se.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

George W. Dowell, the complainant in this case, in his declaration states that he is the lawful possessor of certain lands and premises, situated in the County of Jackson, which said lands and premises, he used and enjoyed.

The premises being described as a strip of ground in the Southeast Corner of the Southeast Quarter of the Southwest Quarter of Section 5, Township 7 South, Range 1 West of the Third P. M. containing about 15 acres.

That the Department of Public Works and Buildings, during the months of August, September, October, 1923, constructed a certain public highway known as Route No. 2 and during the construction of said Route No. 2 it became necessary for the department to excavate and make a certain drainage ditch and raised the ground on the highway and the claimant avers that prior to the excavation by the Department of Public Works and Buildings that large quantities of rain water and surface water and standing water, ran and flowed from the said ditch or excavation down to and upon the premises of the above described land and that by reason of the excavation of said road and ditch the premises of the claimant became and are wet and swampy and less fit for use, occupation and cultivation, that the rain water and surface water flowing in a different direction since the construction of the road and ditch and with much greater force and violence, that the water backed up against and on the land and premises of the claimant and undermined,

washed away, damaged and destroyed the lands of the claimant.

The evidence fails to show that any of the claimant's land or premises was taken in the construction of the road known as Route No. 2. Three witnesses testified on behalf of the claimant. Isaac Wagner, one of the witnesses of the claimant testified on cross-examination, that he was a coal miner and lived near the premises of the claimant, that the premises of the claimant and the premises on the opposite side of the road was low and swampy; that after hard rains of several hours duration he has seen water get over the hard road; that the water in receding as a natural water course would go down on the east side of the road and within a few hours on the west side of the road, which was where the claimant's property was located. The engineers who were employed by the Division of Highways, Department of Public Works and Buildings of the State of Illinois, testified that taking everything in consideration the drains were ample and that twice as many openings or culverts in the hard road as a theoretical matter and now considered them ample.

As the Attorney General says in his statement: "This is not a suit brought on Eminent Domain Act as apparently contemplated by the claimant herein, who in his brief cites only the Eminent Domain Act or cases involving said Act. No property was taken or used of the claimant in the construction of said hard-surfaced road along or in front of claimant's premises. Therefore, eminent domain is not involved. This is a case where damages are complained of by reason of the construction of said hard road and the respondent does not believe that the premises of the claimant was damaged in said construction work or by the construction of said hard road.

The witnesses all testified that the premises of the claimant is low and a continuation of the swampy ground directly east and on the opposite side of the road from these premises."

The court is of the opinion that there is no liability for damages to claimant's property as a matter of law. The claim is, therefore, denied and the case dismissed.

On May 9, 1929, upon motion to set aside the order heretofore entered the following additional opinion was filed:

Per Curiam: This cause coming on to be heard upon motion of claimant to set aside the order of the court heretofore entered and to grant rehearing, and after argument of counsel and the court having sufficiently reviewed the matter brought upon said motion, and that it appearing that said motion should be denied,

It is therefore considered by the court, that the said motion be, and the same is hereby denied.